IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH STOLLER, M.D.,
individually and d/b/a
SIMPLY HYPERBARICS, LLC,

              Plaintiffs,

v.                                                    Civ. No. 04-311 JH/RLP

REINT ROOSSEIN, RICHARD VISSER,
LIN VISSER, BART VAN DER MEER,
Individually and d/b/a INTERNATIONAL
HYPERBARIC HOLDING COMPANY,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' *Motion to Extend Deadline Within Which to File Motion for Summary Judgment* [Doc. No. 29] and *Defendants' Motion for Partial Summary Judgment* [Doc. No. 25]. For the reasons set forth in greater detail below, the Plaintiffs' motion for extension of the deadline will be denied, and the Defendants'[1] motion for partial summary judgment will be granted.

**DISCUSSION**

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The following is a recitation of the facts in this case, as supported by the evidence provided by the parties and viewed in the light most favorable to the Plaintiffs.

---

[1]Although four individuals and one entity are named as defendants in the caption, it appears that Plaintiff has served only Reint Roossein and International Hyperbaric Holding Company. Accordingly, the Court uses the term "Defendants" to refer only to the two defendants that have been served.

This is a dispute stemming from a failed commercial venture to open a medical clinic providing treatment with hyperbaric chambers. Plaintiff Kenneth Stoller ("Stoller") is a physician in Santa Fe, New Mexico. Defendant Reint Roossein is a citizen and resident of Aruba, and Defendant International Hyperbarics Holding Company ("HC") is registered in Belize with its principal place of business in Aruba. Although it is not altogether clear, it appears that named defendants Roossein, Richard Visser, Lin Visser, and Bart Ven Der Meer formed HC. Plaintiff Stoller formed Plaintiff Simply Hyperbarics. On August 20, 2001, Simply Hyperbarics and HC executed a letter agreement. Although the agreement is somewhat inartfully drafted, it appears that the intent of the agreement was that HC would received a 60% membership in Simply Hyperbarics in return for, inter alia, loaning Simply Hyperbarics $300,000 "plus additional help, as needed," and arranging financing of the purchase of hyperbaric chambers. The letter agreement also set forth specific terms for the repayment of the loan, payment of salary to Stoller as "managing member" of Simply Hyperbarics, and distribution of profits earned by Simply Hyperbarics. Stoller and HC also executed an Operating Agreement for Simply Hyperbarics, although only a small portion of that agreement has been provided to the Court.[2]

Defendants made no effort to investigate the requirements for leasing a hyperbaric chamber, and so Stoller did so. Stoller Aff. at ¶¶ 8-9. Stoller learned that because HC is an offshore company, it would be unable to lease a chamber unless HC deposited funds in an amount equal to the entire amount of the lease in a financial institution that was either in the United States or that had a relationship with a bank in the United States. Id. at ¶ 9. HC refused to do so. Id. Although HC did

---

[2] The date of the Operating Agreement is unclear. The first sentence of the agreement states that it is effective "this 10th day of October, 2001," but the signature line carries a date of August 15, 2001.

provide the $300,000 loan to Simply Hyperbarics as required plus approximately $100,000 more, HC refused to provide additional funds to pay for the clinics expenses.  Id. at ¶ ¶ 10-11; Stoller Deposition at p. 33.  HC and its members also encouraged Simply Hyperbarics' employees to disobey Stoller's directives.  Id. at ¶ 12.  Simply Hyperbarics never earned sufficient funds to become profitable, and was unable to pay Stoller's salary except during the period of October 1, 2001 through January 31, 2002.  Id. at ¶ 13; Stoller Deposition at p. 25.  Stoller worked for Simply Hyperbarics without a salary for two years.  Stoller Aff. at ¶ 13.

In their Complaint, Plaintiffs assert causes of action for judicial termination of Plaintiff Simply Hyperbarics, LLC; injunctive relief[3]; breach of contract; and fraud.  Plaintiffs also claim compensatory damages, punitive damages, and attorney's fees.  In their Motion for Partial Summary Judgment, Defendants request that the Court enter summary judgment in their favor on Plaintiffs' claims for "compensatory damages," fraud, and attorney's fees.  HC counterclaimed against Stoller for breach of fiduciary duty, bad faith breach of contract, reformation of the operating agreement, and for an accounting of all funds used in connection with the operation of Simply Hyperbarics.

## II.  PLAINTIFF'S MOTION TO EXTEND DEADLINE WITHIN WHICH TO FILE HIS MOTION FOR SUMMARY JUDGMENT

On March 19, 2004, Defendants removed this case to federal district court.  On September 10, 2004, the Court entered an Initial Pretrial Report ("IPTR") requiring the parties to complete discovery no later than February 7, 2005 and to file pretrial motions no later than March 28, 2005.  On January 7, 2005, the parties filed a joint motion requesting an extension of the discovery deadline.  Magistrate Judge Puglisi granted the motion, extending the deadline until February 28, 2005.

---

[3]It appears that the state district court has granted Plaintiff at least part of the relief he requested in this claim.

However, all other pretrial deadlines, including that for filing pretrial motions, remained the same.

On March 28, 2005, in accordance with the deadline contained in the IPTR, Defendants filed their motion for partial summary judgment. Plaintiffs did not file a motion by that date. However, on April 15, 2005, Plaintiffs responded to Defendants' motion and attached the affidavit of Kenneth Stoller in support of their response. Then, on April 26, 2005, almost a month after the expiration of the deadline to file dispositive motions, Plaintiffs filed their *Motion to Extend Deadline Within Which to File Motion for Summary Judgment*. As grounds for the motion for extension of time, Plaintiffs argue that they needs to complete the deposition of Plaintiff Stoller so that they may cite the transcript in support of their motion for summary judgment.

That motion will be denied for two reasons. First, Plaintiffs waited until more than four weeks after the passage of the deadline to request an extension of time. The Court finds this delay to be unreasonable, particularly in light of the fact that Plaintiffs have provided no explanation for it. It is for this reason that the Local Rules of this district generally require a party to seek an extension of time prior to the expiration of the applicable deadline. *See, e.g.*, D.N.M. LR-Civ. 7.6(a).

Second, the Court finds Plaintiffs' proffered justification for the extension—their need to complete Stoller's deposition prior to filing their motion—to be unpersuasive. The Court agrees with Defendant that Plaintiffs did not need to complete Stoller's deposition before they could be in a position to file their motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure specifically contemplates the filing of affidavits in support of a party's position on a motion for summary judgment. Plaintiffs are well aware of this fact, as is demonstrated by the fact that Stoller created an affidavit in support of Plaintiffs' response to Defendants' motion for summary judgment. Furthermore, no one could be in a better position to timely obtain Plaintiff's affidavit than Plaintiff

4

Stoller himself, who is apparently acting not only on his own behalf, but on behalf of Plaintiff Simply Hyperbarics. This is not a situation in which a plaintiff has not had the opportunity to depose a crucial but unavailable witness. Plaintiffs have failed to explain why Stoller did not create an affidavit in support of their proposed motion for summary judgment prior to the March 28 deadline.

Accordingly, Plaintiff's motion for extension of time will be denied.

### III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

As noted above, Defendants move for entry of summary judgment on Plaintiffs' claims for "compensatory damages," fraud, and attorney's fees. In their response brief, Plaintiffs acquiesced to Defendants' motion for summary judgment on fraud and attorney's fees. Accordingly, the Court will grant summary judgment in favor of Defendants on the fraud claim and Plaintiffs' request for an award of attorney's fees.

As a result, all that remains before the Court is Defendant's motion for summary judgment on Plaintiffs' claim for "compensatory damages." At the outset, the Court notes that this is a somewhat odd way for Defendants to phrase their motion. Compensatory damages are a form of legal relief for harm suffered; damages are not, in and of themselves, a legal cause of action. On closer examination, however, it appears that what Defendants are requesting in their motion is entry of partial summary judgment on Plaintiffs' claim for breach of contract under which Plaintiff Stoller is claiming compensatory damages for failure to pay his salary.

The August 20, 2001, Letter Agreement addresses the issue of salary and provides, in relevant part:

> This letter shall serve as our agreement concerning the Holding Company (HC) specified by you (Bart, Richard & Reint) for the purchase of membership interests in Simply Hyperbarics, LLC, a New

> Mexico limited liability company ("the company").... HC agrees to purchase such units as comprise sixty percent (60%) of the outstanding membership units in the company for a loan of $300,000 plus additional help, as needed. An interest rate of prime plus one per annum shall be earned on the invested loan commencing with the infusion of phase one funds. Besides this the HC will arrange financing of the chambers.... The terms of [Dr. Stoller's] employment as Medical Director are detailed in a separate employment agreement, but are summarized herewith. The SH, LLC shall pay Dr. Stoller a salary of $5000 per month commencing on October 1, 2001, and then $10,000 per month commencing once monthly operation expenses are met and losses from the first month have been compensated – based on the following formula: for every $3000 earned beyond the cost of operation each month, there shall be an increase in salary of $1000 per month until such time as the salary reaches $10,000 per month.... Net profits earned by the company shall be distributed to the members according to their ownership interest, i.e. 60% to HC and 40% to Dr. Stoller.

The Letter Agreement was signed by named defendant Lin Visser on behalf of HC, and by Plaintiff Kenneth Stoller on behalf of Simply Hyperbarics ("SH"). It was not executed by Plaintiff individually or by any of the individual defendants in their individual capacities.

In their motion, Defendants argue that they are entitled to summary judgment because the Letter Agreement provides that Simply Hyperbarics, LLC, not the Defendants, will pay Stoller's salary, and therefore they are not liable to Stoller. Defendants contend that Stoller should have sued Simply Hyperbarics in order to recover his salary. In response, Plaintiffs argue that their claim for damages is not limited to Stoller's lost salary, but also includes the claim that Defendants breached their duties under the agreement by failing to properly fund Simply Hyperbarics and to arrange financing for the hyperbaric chamber, and by actively interfering with Stoller's ability to manage Simply Hyperbarics. Plaintiffs claim that as a result of these actions by Defendants, Simply Hyperbarics was not in a financial position to pay Stoller's salary.

The confusion on this issue appears to stem in part from the fact that the parties have failed to distinguish between the individual liability of a shareholder, officer, or director, as opposed to that of the corporate entity. In other words, Plaintiff Stoller is seeking to hold the individual Defendants and Defendant HC liable for Simply Hyperbaric's obligation to pay his salary. Although neither the Plaintiffs nor the Defendants have addressed the issue squarely, it appears that Stoller wishes to pierce the corporate veil.

Piercing the corporate veil is an equitable remedy. *See Scott v. AZL Resources, Inc.*, 107 N.M. 118, 753 P.2d 897, 900 (1988); *Harlow v. Fibron Corp.*, 100 N.M. 379, 671 P.2d 40, 43 (Ct. App. 1983). The effect of application of the doctrine is to hold a shareholder, officer or director personally liable for an obligation of the corporation. Because the liability is derivative, the liability of the shareholder cannot exceed that of the corporation. *See Eastridge Dev. Co. v. Halpert Assoc., Inc.*, 853 F.2d 772, 782 (10th Cir. 1988). "The three requirements for piercing the corporate veil are: (1) instrumentality or domination; (2) improper purpose; and (3) proximate cause." *Garcia v. Coffman*, 1997-NMCA-092 ¶ 10, 124 N.M. 12 (citing *Harlow v. Fibron Corp.*, 100 N.M. 379, 382, 671 P.2d 40, 43 (Ct.App.1983)). However, Plaintiffs have come forward with neither a legal argument nor any evidence on summary judgment to support a claim that the Court should pierce the corporate veil in order to hold Defendants liable.

The Court concludes that Defendants are entitled to summary judgment on Plaintiff Stoller's claim that he was damaged by Defendants' failure to pay his salary. The payment of salary is a duty owed by Simply Hyperbarics to Stoller, and Stoller has provided the Court with no reason to set aside the corporate form chosen jointly by Stoller and Defendants. Therefore, Defendants are entitled to the entry of summary judgment in their favor on Stoller's claim against them for non-payment of

salary.[4]  However, the remainder of Plaintiffs' claims against Defendants for breach of their duties under the contract remain intact.[5]

IT IS THEREFORE ORDERED that:

(1)     Plaintiffs' *Motion to Extend Deadline Within Which to File Motion for Summary Judgment* [Doc. No. 29] is DENIED;

(2)     *Defendants' Motion for Partial Summary Judgment* [Doc. No. 25] is GRANTED with respect to Plaintiffs' claims for fraud and for attorney's fees, as well as with respect to Plaintiff Stoller's claim for unpaid salary as a result of breach of contract;

(3)     Plaintiffs' remaining claims for breach of contract are unaffected by this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[4] This is the only portion of Plaintiffs' claim for breach of contract upon which Defendants have sought summary judgment.  Defendants have not addressed any other aspect of the breach of contract claim.

[5] Because Defendant Reint Roossein was not a party to the contract at issue, it is unclear whether Plaintiffs can prevail on any cause of action against him in his individual capacity.  However, the Court expresses no opinion on this issue, as it is outside the scope of the motions presently before the Court.